**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LINDA TODD, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PRESIDIO INTERNATIONAL, INC. d/b/a A\|X ARMANI EXCHANGE | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT- CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Linda Todd ("Plaintiff") brings this action against Defendant Presidio International Inc., d/b/a A|X Armani Exchange ("Defendant"), for willfully violating the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. On information and belief, although Defendant was on multiple occasions informed of its requirement to truncate credit card and debit card expiration dates on receipts provided to the cardholder at the point of sales, Defendant continued to print those expiration dates.

3. "FACTA was intended to 'protect consumers from identity thieves' and 'to limit the number of opportunities for identity thieves to 'pick off' key card account information.'" *Barbieri v. Redstone Am. Grill, Inc.*, 07 C 5758, 2009 U.S. Dist. LEXIS 9309 * 3-4 (N.D. Ill. Feb. 6, 2009) (*quoting* S. Rep. No. 108-166, at 3 (2003)); *Cicilinnev. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Harris v. Mexican Specialty Food, Inc.*, 564

F.3d 1301, 1306 (11th Cir. 2009)).

4. The United States has formally taken the position that there is liability under 15 U.S.C. § 1681c(g)(1) for printing credit and debit card's expiration dates on receipts after June 3, 2008, as demonstrated by its intervening brief filed in *Brickwall*. The United States' position, in part, is as follows:

> Violations involving only the printing of the expiration date that occurred after the Clarification Act's enactment remain subject to private lawsuits alleging willfulness and seeking damages under § 1681n. Thus, where the only willful violation of FACTA that appears on a receipt is the printing of the card's expiration date, there is no liability for statutory damages when the receipt was printed between December 4, 2006, and June 3, 2008; **but there is liability for such damages if the receipt was printed after June 3, 2008. 15 U.S.C. § 1681n(d).**

*Brickwell of Chicago*, 09 C 611, Doc. 37, p. 5, Response of the United States in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, (N.D. Ill. June 23, 2009) (emphasis added).

5. A plaintiff need not demonstrate that he or she was a victim of identity theft to prevail on a claim for statutory damages under the FCRA upon a showing that a defendant willfully violated 15 U.S.C. § 1681c(g). *See Murray v. GMAC Mortg. Corp.,* 434 F.3d 948 (7th Cir. 2006).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. § 1681p (FCRA).

7. Venue is proper because the receipt of the subject receipt was in this district. Furthermore, Defendant has a location at 520 North Michigan Avenue, Chicago, IL 60611.

## PARTIES

8. Plaintiff is a natural person residing in the State of Illinois.

9. Defendant is a Delaware Corporation, with its principal offices located at 111

2

8th Ave., New York, New York, 10011. Service of process can be made on its registered agent The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York, 12207.

**FACTS**

10. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

11. One provision of FACTA, codified as 15 U.S.C. § 1681c(g), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number *or the expiration date upon any receipt provided to the cardholder* at the point of sale or transaction.

15 U.S.C. § 1681c(g) (emphasis added).

12. With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

13. With respect to point of sale machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

14. On information and belief, Defendant would have been sent notice of FACTA's truncation requirements from the vendor of its point of sales software.

15. On or about October of 2009, at least one insurer expressly excluded FACTA failure to truncate claims from its general liability policy coverage.

16. On information and belief, Defendant was provided actual notice of its requirement under the FACTA amendments to the FCRA to truncate debit card and credit

card expiration dates.

17. The August 12, 2006, edition of Rules for Visa Merchants (<u>Exhibit B</u>, p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that only the last four digits of an account number should be printed on the customer's copy of the receipt and the expiration date should not appear at all. These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

18. Defendant accepts Visa cards and is a party to a contract requiring compliance with the above-quoted requirement.

19. In May 2007, the Federal Trade Commission issued a business alert informing businesses that they "must delete the [credit and debit] card's expiration date" and setting the following example for what a receipt that truncates the credit card number and deletes the expiration date should look like:

      ACCT: \*\*\*\*\*\*\*\*\*\*\*12345
      EXP: \*\*\*\*

FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts. *Available at* http://business.ftc.gov/documents/alt007-slip-showing-federal-law-requires-all-businesses-truncate-credit-card-information-receipts (last visited March 13, 2012).

20. The FTC again warned against failing to truncate the expiration date http://www.ftc.gov/opa/2007/05/slipshowing.shtm (last visited March 13, 2012) ("The business alert advises that merchants who fail to comply with the law could face FTC law

enforcement action, including financial penalties and federally-enforced restrictions or requirements.")

21. On December 14, 2007, the FTC further stated:

> To help make merchants aware of their responsibility to truncate this information, the Commission's regional offices led a nationwide campaign that included sending the FTC's Business Alert, "Slip Showing?" to 187 national trade associations. The alert also is available on the FTC's Web site www.ftc.gov. Merchants who fail to comply with the law could face FTC law enforcement action, including civil penalties of up to $2,500 per violation.

http://www.ftc.gov/opa/2007/12/slip.shtm (last visited March 13, 2011).

22. The May 2007 FTC business alert was also posed on the Better Business Bureau's website. *Available at* http://www.bbb.org/us/article/4425

23. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement.

24. Defendant's subject places of business use one or more cash registers and/or other machines or devices that electronically print receipts for all credit card and debit card transactions.

25. On or about December 15, 2011, Plaintiff placed an electronic order with Defendant from its website http://www.armaniexchange.com/.

26. Plaintiff paid for the purchase using her Visa card.

27. Plaintiff's purchase was sent to her via UPS. Inside that same package was a receipt printed by Defendant at the point of sale that contained Plaintiff's Visa card's expiration date. A redacted copy of the receipt Plaintiff received is attached as Exhibit A,[1]

---

[1] Plaintiff's card's expiration date is redacted.

28. Exhibit A displayed both the two-digit month and two-digit year of Plaintiff's card's expiration date.

29. The receipt, Exhibit A, was not transmitted electronically.

30. The receipt, Exhibit A, was not printed by the consumer.

31. The printing of the expiration date on Plaintiff's receipt was caused by a tag field, which is an instruction code of the point of sales terminal's software that is programmed to obtain information from the debit or credit card and display that information in a specific filed.

32. In this case, at all times relevant to this Complaint, Defendant's point of sales terminal were programmed to obtain the expiration date of each cardholder's debit or credit card magnetic strip and to cause the point of sales terminal to print that expiration date on each card holder's receipt.

33. The printing of a credit or debit card's expiration date on a receipt does not happen by accident: it requires the point of sales terminal to be intentionally programmed to do so.

**VIOLATION ALLEGED**

34. Paragraphs 1 – 33 are incorporated herein.

35. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" as defined by FACTA.

36. Defendant did not comply with 15 U.S.C, §1681c(g)(1), which provides that:

> … no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number *or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

15 U.S.C. §1681c(g)(1) (emphasis added).

37. Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal. Apr. 5, 2007); accord, *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782 (N.D. Ill. 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.,* 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill., Oct. 17, 2007); *Follman v. Village Squire, Inc.*, 07 C 3767, 2007 U.S. Dist. LEXIS 92585 (N.D. Ill., Dec. 18, 2007); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 2:07-CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D. Nev. Dec. 3, 2007).

38. On information and belief, Defendant's employees would have been able to see the expiration date on every customer's receipt during the relevant class time period.

39. Defendant's conduct complained of herein was willful; alternatively, it was at a minimum reckless.

40. Defendant's failure to truncate cardholder's card's expiration dates after it was provided notice of its legal requirement to do so amounts to a willful violation of the FCRA §1681c(g)(1).

**CLASS ALLEGATIONS**

41. Plaintiff brings this action on behalf of a pursuant to FED. R. CIV. P. 23(a) and (b)(3).

42. The class is defined as: (a) all persons who used either a credit card or debit card (b) where Defendant printed a receipt at the point of sales that contained the cardholder's card's expiration date (c) where the receipt is in the form of Exhibit A (d) for a time period two years prior to the filing of the complaint until twenty days after the filing of

the complaint.

43. The class is so numerous that joinder of all individual members in one action would be impracticable.

44. On information and belief, there are over 40 persons as defined by the class definition above.

45. Plaintiff's claims are typical of the claims of the class members.

46. Plaintiff's claims are based on the same legal theories and arise from the same unlawful conduct.

47. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

    a. Whether printing a receipt with a credit or debit card's expiration date on it fails to comply with FACTA's truncation requirement;

    b. Whether Defendant violated FACTA; and

    c. Whether Defendant's conduct was at a minimum reckless.

48. Plaintiff will fairly and adequately represent the class members.

49. Plaintiff has no interests that conflict with the interests of the class members.

50. Plaintiff has retained experienced counsel in class action consumer matters.

51. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible and the class members may not be aware that their rights have been violated.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the class for:

  a. Statutory damages; of no less than $100 and no more than $1,000 per receipt printed;

  b. Punitive damages, if the evidence warrants;

  c. Attorney's fees and costs; and

  d. Any other relief this Court deems as appropriate.

         Respectfully submitted,

         <u>s/ Curtis C. Warner</u>
         Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Ave. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com